UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD R. SALTER, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:19-1444 |
| v. | : | (JUDGE MANNION) |
| C.J. MCKEOWN, | : | |
| Defendant | : | |

## MEMORANDUM

**I.  BACKGROUND**

Plaintiff, Edward R. Salter, an inmate formerly confined at the State Correctional Institution, Dallas (SCI-Dallas), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The sole named Defendant is C.J. McKeown, an SCI-Dallas hearing examiner. Id. Plaintiff claims that the Hearing Examiner would not permit him to present evidence during his misconduct hearing, in violation of Plaintiff's Due Process rights under the Fourteenth Amendment. Id.

---

[1] Plaintiff is currently housed at the Phoenix State Correctional Institution, Collegeville, Pennsylvania.

Presently before the Court is Defendant's motion for summary judgment. (Doc. 25). The motion is fully briefed, and for the reasons that follow, the Court will grant Defendant's motion for summary judgment.

**II.   ALLEGATIONS IN COMPLAINT**

Plaintiff challenges a misconduct hearing in which he was found guilty of Possession of Contraband and Lying to an Employee. (Doc. 1). Specifically, Plaintiff claims that at his misconduct hearing on April 4, 2018, he pled innocent to all the charges and asked Defendant McKeown if he had reviewed the video surveillance of the alleged incident that occurred on March 30, 2018. Id. Plaintiff claims that Defendant McKeown responded with the following:

> Look Salter, I'm not reviewing any video at all, in fact, I know I'm allowed to let you present evidence relevant to your defense, under 37 Pa. Code Section §93.10, (Inmate Discipline), this is SCI-Dallas, and we do what we want here, I believe you didn't do what Mrs. Mattern said you did, but we must stick together, so I find you guilty of Rule #36: Possession of Contraband; Rule #42: Lying to an Employee, I'm dismissing Rule #35: Refusing to Obey an Order. Mr. Salter, you can appeal this decision to PRC (Program Review Committee), if you don't like their answer, you can appeal it to the Facility Manager (Superintendent), of SCI-Dallas, Mr. Lawrence Mahally, if you don't agree with his response, then you can appeal it to the Chief Hearing Examiner of the Pennsylvania Department of Corrections, Mr. Zachary J. Moslak). But I'm telling you Salter, it won't do you any good to appeal my

>decision, PRC at SCI-Dallas, Mr. Mahally,& Mr. Moslak will all agree with me, and you'll be wasting your time and money. Mr. Salter, I sanction to the following:
>
>A. Rule #36:  Possession of Contraband,180 days loss of commissary;
>
>B. Rule #42:  Lying to an Employee, Thirty (30) days cell restriction and loss of job in the prison commissary at SCI-Dallas.
>
>Mr. Salter, these sanction against you will begin immediately, starting date of April 4, 2018.

Id. Plaintiff seeks damages as well as to have the misconduct expunged from his inmate file. Id.

### III.  SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) requires the court to render summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. Id. at 248; Gray v. York Newspapers, Inc., 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson, 477 U.S. at 257; Brenner v. Local 514, United Bhd. of Carpenters and Joiners of Am., 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving party. Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consol. Rail Corp., 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Co., 862 F.2d 56, 59 (3d Cir. 1988). In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings. When the party seeking summary judgment satisfies its burden under Rule 56 of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56 to go beyond his pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The party opposing the

motion "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986). When Rule 56 shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 323. See Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

In determining whether an issue of material fact exists, the court must consider the evidence in the light most favorable to the nonmoving party. White, 826 F.2d at 59. In doing so, the Court must accept the nonmovant's allegations as true and resolve any conflicts in his favor. Id. (citations omitted). However, a party opposing a summary judgment motion must comply with Local Rule 56.1, which specifically directs the oppositional party to submit a "statement of the material facts, responding to the numbered paragraphs set forth in the statement required [to be filed by the movant], as to which it is contended that there exists a genuine issue to be tried"; if the nonmovant fails to do so, "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted."

L.R. 56.1. A party cannot evade these litigation responsibilities in this regard simply by citing the fact that he is a *pro se* litigant. These rules apply with equal force to all parties. See Sanders v. Beard, No. 09-CV-1384, 2010 WL 2853261, at *5 (M.D. Pa. July 20, 2010) (*pro se* parties "are not excused from complying with court orders and the local rules of court"); Thomas v. Norris, No. 02-CV-01854, 2006 WL 2590488, at *4 (M.D. Pa. Sept. 8, 2006) (*pro se* parties must follow the Federal Rules of Civil Procedure).

### IV. DISCUSSION

Defendant moves for summary judgment as a matter of law. (Doc. 30). The Court agrees.

**A. Fourteenth Amendment Due Process**

Plaintiff alleges that his due process rights were violated in the context of the disciplinary hearing. The Fourteenth Amendment to the United States Constitution provides, in pertinent part: "No State shall ... deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend XIV. Due process protections attach in prison disciplinary proceedings in which the loss of good-time credits is at stake. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974). Where this protected liberty interest is at stake, due process guarantees mandate that prisoners receive: "(1)

advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). Because plaintiff did not suffer a loss of good conduct time, the Wolff protections are inapplicable.

Moreover, the due process clause does not provide protection against the imposition of discipline, including disciplinary confinement and the loss of various privileges, insofar as these other forms of discipline do not "impose [ ] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Torres v. Fauver, 292 F.3d 141, 150-51 (3d Cir. 2002) (citing Hewitt v. Helms, 459 U.S. 460, 484 (1983) ). Confinement in administrative or punitive segregation is insufficient, without more, to establish the kind of "atypical" deprivation of liberty contemplated by Salter and necessary to trigger due process protections. Sandin v. Conner, 515 U.S. 472, 486 (1995); see Griffin v. Vaughn, 112 F. 3d 703, 706-07 (3d Cir. 1997). Because Plaintiff's thirty (30) days cell restriction, loss of job in the commissary, and 180 days loss of commissary, do not impose an atypical and significant hardship on Plaintiff relative to the ordinary limitations of

prison life, Defendant is entitled to summary judgment as a matter of law on Plaintiff's due process claim arising out of disciplinary proceedings.

### B. Heck v. Humphrey

The sanctions levied against Salter during his disciplinary hearing, were all imposed as a result of prison misconduct. As such, the Court finds that any Fourteenth Amendment claim regarding his disciplinary hearing is barred under Heck v. Humphrey, 512 U.S. 477 (1994) and Edwards v. Balisok, 520 U.S. 641 (1997). Under some circumstances, a prisoner may bring a civil rights claim for monetary damages based on the denial of due process during a prison disciplinary hearing. See Wolff v. McDonnell, 418 U.S. 539, 554 (1974) (stating that plaintiff's §1983 "damages claim was ... properly before the District Court and required determination of the validity of the procedures employed for imposing sanctions, including loss of good time, for flagrant or serious misconduct"). However, such due process claims cannot be brought in an action where the claims "necessarily imply the invalidity of the punishment imposed" unless the plaintiff shows that the sanctions have been overturned. See Balisok[2], 520 U.S. at 648 (finding

---

[2] In Edwards v. Balisok, the Supreme Court applied the lessons of Heck to a state prisoner action, seeking compensatory and punitive damages, challenging the constitutionality of procedures used in a prison disciplinary proceeding that resulted in the loss of good-time credits, but not
*(footnote continued on next page)*

claims for declaratory and monetary relief based on allegations that plaintiff was denied opportunity to present a defense and that hearing officer was biased could not be brought pursuant to §1983); Heck, 512 U.S. at 486-87 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254."). There is no indication of record that the challenged misconduct has been reversed or expunged. As such, Defendant is entitled to summary judgment.

### C. **Claim Preclusion and Res Judicata**

Defendants make reference that this is Plaintiff's second attempt to bring the exact allegations to the attention of this Court. (Doc. 30). Previously, this Court, after conducting an initial screening, dismissing,

---

necessarily challenging the result and not seeking the restoration of the good-time credits. Again, the Court emphasized that such a claim is not cognizable under §1983 if a favorable outcome would necessarily imply the invalidity of the challenged judgment, there the disciplinary finding and punishment. 520 U.S. at 646-8.

without prejudice, an identical action, Salter v. Moslak, et al., 2019 WL 1242433, Civil Action No. 3:19-0224 (M.D. Pa., March 18, 2019). The legal claim and supporting allegations that Plaintiff brings in the instant action are the same previously dismissed by this Court, except that Plaintiff proceeds against only Defendant McKeown. Id. In his previous action, Plaintiff named Chief Hearing Examiner of the Pennsylvania Department of Corrections, Mr. Zachary J. Moslak as an additional Defendant. Id.

Dismissal of the claims against Defendant McKeown are also appropriate by reason of *res judicata*, also known as claim preclusion. This Court may dismiss, *sua sponte*, claims barred by claim preclusion. See King v. East Lampeter Twp., 69 Fed.Appx. 94 (3d Cir. 2003) (appellate court affirmed district court's *sua sponte* dismissal of complaint on grounds of *res judicata*). Claim preclusion bars a party from initiating a second suit against the same adversary based on the same cause of action as the first suit. See In re Continental Airlines, Inc., 279 F.3d 226, 232 (3d Cir. 2002).

As previously discussed, in 2019, Plaintiff filed a civil rights action against Defendant McKeown and Chief Hearing Examiner Moslak raising claims identical to those raised in the instant complaint—most notably, depriving Salter of his right to due process during a disciplinary hearing.

"The doctrine of *res judicata* 'protects litigants from the burden of relitigating an identical issue with the same party or his privy and promotes judicial economy by preventing needless litigation'." Lewis v. Smith, 361 Fed.Appx. 421, 423 (3d Cir. 2010) (citations omitted). Three elements are required; (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies, and (3) a subsequent suit based on the same cause of action. In re Mullarkey, 536 F.3d 215, 225 (3d Cir. 2008). *Res judicata* "bars not only claims that were brought in a previous action, but also claims that could have been brought." Duhaney v. Attorney Gen., 621 F.3d 340, 347 (3d Cir. 2010) (quotation marks omitted).

The elements are met. First, the prior civil rights action against Defendant McKeown and Chief Hearing Examiner Moslak was dismissed for failure to state a claim upon which relief may be granted. Dismissal for failure to state a claim is a final judgment on the merits for *res judicata* purposes. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981); Kulick v. Pocono Downs Racing Ass'n, Inc., 816 F.2d 895, 898 n.6 (3d Cir. 1987). Second, Plaintiff and Defendant McKeown were parties in the civil rights action. Finally, this action is based upon the same cause of action as in the prior civil rights action, filed by Plaintiff in 2019. Thus, the conditions

for claim preclusion are satisfied and Plaintiff is barred from bringing this action against Defendant McKeown.

## VI. CONCLUSION

For the reasons set forth above, the Court will grant Defendant's motion for summary judgment. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: December 10, 2020**
19-1444-01